NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH MARINO,<br><br>                    Plaintiff,<br><br>v.<br><br>WESTFIELD BOARD OF EDUCATION, MITCHELL SLATER, MARGARET DOLAN, SANDY MAMAMRY, RICHARD MATTESSICH, ROSANNE KURSTEDT, MARK FRIEDMAN, J. BRENDA GALLIGAN, ANN ORMSBY CARY, GRETCHAN OHLIG, LUCY BIEGLER, BARBARA BALL, JOHN DOE 1-5 (Names being fictitious), ABC CORP. 1-3 (Names being fictitious), RICHARD ROE 1-5 (Names being fictitious), and XYZ CORP. 1-3 (Names being fictitious),<br><br>                    Defendants. | : : : : : : : : : : : : : : : : : | **OPINION**<br><br>Civ. No. 16-cv-00361 (WHW) (CLW) |

**Walls, Senior District Judge**

Before the Court are two motions to dismiss Plaintiff's Third Amended Complaint. ECF Nos. 29–30. On September 1, 2016, Defendant Mitchell Slater filed an Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint and a Cross-Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 29. Though he fashioned his cross-motion as a motion to dismiss the First Amended Complaint under Fed. R. Civ. P. 12(c), Defendant Slater alternatively requested dismissal of the counts specific to him in Plaintiff's Third Amended Complaint in the event the Court granted leave to amend.[1] On September 6, 2016, Defendants Westfield Board of

---

[1] For the sake of efficiency, the Court will treat Defendant Slater's cross-motion as a 12(b)(6) motion to dismiss the Third Amended Complaint for "failure to state a claim upon which relief can be granted." *See Sun Co. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 367 n.3 (E.D. Pa. 1996) (considering an initial motion to dismiss germane to an amended complaint that failed to cure "a majority of the deficiencies alleged"); *see also* 6

1

Education and its individual members other than Mitchell Slater (the "Individual Board Defendants") filed an Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint and a Cross-Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).[2] ECF No. 30. On November 28, 2016, Magistrate Judge Waldor granted Plaintiff's Motion for Leave to File a Third Amended Complaint. ECF No. 42. The cross-motions to dismiss are now ripe for adjudication. Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motions are granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case have been previously recounted in the Court's opinion addressing Defendants' first motion to dismiss Plaintiff's First Amended Complaint. ECF No. 14. In short, Plaintiff Joseph Marino, a middle school teacher and former middle school basketball coach, was fired from his coaching position after fifteen, complaint-free years as the Westfield Girls Varsity Basketball Coach. Third Am. Compl., ECF No. 25-1 ¶¶ 25–28. He was replaced by a younger less experienced female coach who had previously served as his assistant coach. *Id.* ¶¶ 30–31. Mr. Marino now claims that he lost his coaching position due to age and gender discrimination, *id.* ¶¶ 43–63, and that a member of the Board of Education for the Town of Westfield, New Jersey published defamatory and invasive comments about his treatment of student-athletes on Facebook and Twitter after an October 21, 2014 meeting of the Westfield Board of Education, *id.* ¶¶ 64–75, 83–91. Plaintiff Marino's Third Amended Complaint consequently asserts claims against Mitchell Slater for defamation and invasion of privacy, *id.*, claims against the Westfield

---

Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance).
[2] This motion was incorrectly filed as an opposition, but the text of the motion clearly indicates its intent to serve as a cross-motion to Plaintiff's Motion for Leave to File a Third Amended Complaint. ECF No. 30.

Board of Education for age and gender discrimination in violation of state and federal law, *id.* ¶¶ 43–63, and the individual board members for infliction of emotional distress, *id.* ¶¶ 76–82, related to his termination as Westfield's basketball coach.[3]

For the purposes of this opinion, the Court assumes the truth of the following allegations in the Third Amended Complaint: On or about October 21, 2014, the Westfield Board of Education held a public session regarding Plaintiff Marino's employment as head coach of the Westfield girls' varsity basketball team. *Id.* ¶ 22. At the time in question, Mr. Marino was seeking to keep his job as the head girls' basketball coach. *Id.* ¶ 24. Mr. Marino claims that during the School Board Meeting, Defendant Richard Mattessich, speaking on behalf of the Board and the Individual Board Defendants, made disparaging and distressing remarks about Mr. Marino's treatment of players and failure to communicate as a coach. *Id.* ¶¶ 77–82. That same day, Defendant Slater made allegedly defamatory public statements about Plaintiff Marino on the social networking websites Facebook and Twitter. *Id.* ¶ 65. According to the Complaint, Slater stated that "Marino had called a teenage girl worthless," that Marino "was doing it for years," and that "[t]here [was] so much more and hopefully those that aren't on the Board that know will come forward. . . ." *Id.* ¶ 66 (internal quotation marks omitted).

Despite Slater's comments, Plaintiff Marino claims that he had not received any complaints nor been made subject to any disciplinary actions regarding his "behavior and/or language towards any of his players" during his fifteen years as the basketball coach. *Id.* ¶ 68. Mr. Marino denies making the statements alleged by Slater and contends that the statements are false. *Id.* ¶ 70. As a result of Slater's comments, Marino claims to have lost his coaching position

---

[3] The Court will refer to these Defendants, including the Westfield Board of Education but not including Mitchell Slater, as the "Westfield Board Defendants" and all named, individual Defendants other than Mitchell Slater as the "Individual Board Defendants."

3

and the accompanying salary, as well as money he earned through clinics associated with being the girls basketball coach. *Id.* ¶ 73–74. Mr. Marino additionally asserts that he suffered harm "to his reputation and his profession." *Id.* ¶ 69.

At an unspecified date, Plaintiff Marino's contract for his coaching position was not renewed. *Id.* ¶ 28. Plaintiff's supervisors, Sandy Mamary and Margaret Dolan, decided to hire a younger female assistant coach as the head coach of the Westfield girls basketball team. *Id.* ¶ 35. The Westfield Board of Education, through the defendant members, ratified this decision. *Id.* ¶ 36. Mr. Marino further alleges that his name "may not have been submitted for consideration" by the Board. *Id.* ¶ 29. Plaintiff alleges that in previous conversations with defendant, Sandy Mamary, he "was told that there was a plan to get younger coaches to coach the teams" and that Ms. Mamary had also stated "that the girls basket ball [sic] team should have a woman's [sic] coach." *Id.* ¶¶ 32, 34. Mr. Marino adds that Ms. Mamary "had told other employees that she was looking to hire new blood in the school district. *Id.* ¶ 33. As a result of this allegedly unlawful termination, Marino suffered fear, humiliation, public ridicule, loss of personal reputation, loss of income, mental anguish, and emotional distress. *Id.* ¶¶ 75, 91–92.

On October 6, 2015, Plaintiff Marino filed a complaint in the Superior Court of New Jersey, Law Division, Union County against Defendants Westfield Board of Education, Mitchell Slater, John Doe 1-5, and ABC Corp. 1-3, bringing claims for defamation and emotional distress in connection with Defendant Slater's allegedly defamatory statements. Complaint, Notice of Removal Ex. A, ECF No. 1-1. According to the Westfield Board Defendants, Plaintiff Marino did not serve any Defendants with the complaint. Notice of Removal, ECF No. 1 ¶ 6.

On December 10, 2015, Plaintiff Marino filed an amended complaint in the same court adding the Individual Board Defendants and seeking to hold Defendants jointly and severally

NOT FOR PUBLICATION

liable for seven causes of action. ECF No. 7-4. On January 21, 2016, the Westfield Board Defendants removed the action to this Court under 28 U.S.C. § 1441(a). ECF No. 1 ¶ 9. The Court exercises federal question jurisdiction over Plaintiff Marino's ADEA and Title VII claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

On February 10, 2016, the Westfield Board Defendants moved to partially dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6). Westfield Def.'s Mot. Dismiss, ECF No. 5. On February 16, 2016, Defendant Slater also moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6). Slater Mot. Dismiss, ECF No. 7. On May 18, 2016 the Court issued an opinion granting in part and denying in part Defendants' motions to dismiss. ECF No. 14. The Court dismissed Plaintiff's defamation claims against the Individual Board Defendants as time-barred, *id.* at 9, dismissed Plaintiff's common law tort claims against the Westfield Board Defendants for failure to state a claim, *id.* at 10–12, dismissed Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA") and Title VII with prejudice as to Defendant Slater and the Individual Board Defendants because the statutes do not provide a cause of action against non-employer individuals, *id.* at 13, dismissed claims of gender discrimination brought under New Jersey law as to Plaintiff's supervisors Dolan and Mamary and the Westfield Board of Education, and dismissed all claims under the NJLAD with respect to Defendant Slater and Defendants Mattessich, Kurstedt, Freidman, Galligan Ormsby Cary, Ohlig, Biegler, and Ball, *id.* at 16–19. The Court granted Plaintiff leave to seek to amend within 90 days of the date of the opinion. *Id.* at 20; ECF No. 15 at 2.

On July 20, 2016, Plaintiff filed a Second Amended Complaint without seeking leave to amend as required by the Court. Second Am. Compl., ECF No 8. On August 15, 2016,

NOT FOR PUBLICATION

Defendant Slater filed a motion to dismiss the Second Amended Complaint, ECF No. 22, but he withdrew the motion on August 17, 2016 after Magistrate Judge Waldor held a telephonic conference during which she expressed her intent to strike the Second Amended Complaint for being filed without permission, ECF No. 24. On August 17, 2016, Plaintiff filed a motion seeking leave to file a Third Amended Complaint. ECF No. 25. In response, Defendant Slater filed a cross-motion to dismiss the First Amended Complaint, which included an opposition to Plaintiff's motion seeking leave to file a third amended complaint, and alternatively argued for dismissal of the Third Amended Complaint if leave to file was granted. ECF No. 29. The Board and Individual Board Defendants filed their own cross-motion fashioned similarly on September 6, 2016. ECF No. 30.

Plaintiff's Motion for Leave to File a Third Amended Complaint was granted on November 28, 2016. ECF No. 42. Plaintiff's Third Amended Complaint contains six counts.[4] Count One seeks judgment against the Westfield Board of Education for gender discrimination in violation of Title VII of the Civil Rights Act of 1964. ECF No. 25-1 ¶¶ 43–49. Count Two seeks judgment against the Westfield Board of Education for age discrimination in violation of the Age Discrimination in Employment Act. *Id.* ¶¶ 50–56. Count Three seeks judgment against the Westfield Board of Education for discrimination in violation of the New Jersey Law Against Discrimination (N.J.S.A. 10:5-12). *Id.* ¶¶ 57–63. Count Four seeks judgment against Defendant Slater for defamation. *Id.* ¶¶ 64–75. Count Five seeks judgment against the Individual Board Defendants for infliction of emotional distress. *Id.* ¶¶ 76–82. And, Count Six seeks judgment against Defendant Slater for invasion of privacy. *Id.* ¶¶ 83–91.

---

[4] The Complaint incorrectly labels both the "Libel and Slander" charge as well as the "Infliction of Emotional Distres" [sic] charge as "Count IV," ECF No. 25-1. The Court will refer to the counts not as they are labeled, but in the order in which they are alleged.

Defendants' motions to dismiss ripened with the granting of Plaintiff's Motion for Leave to file a Third Amended Complaint. Defendant Slater argues that Plaintiff's defamation claim should be dismissed because Plaintiff fails to allege special damages or actual malice; that Plaintiff's NJLAD claims fails because Slater was not Plaintiff's supervisor; that Plaintiff's invasion of privacy claim fails because it improperly rests on an alleged violation of the New Jersey Open Public Meetings Act ("OPMA"); that Plaintiff's gender and age discrimination claims fail because they were previously dismissed with prejudice; and that Plaintiff's infliction of emotional distress claim fails because it fails to state a claim under either negligent or intentional infliction of emotional distress. ECF No. 29-2 at 2–3. Plaintiff responds that special damages are not required to state a claim for defamation against Defendant Slater, but that the Complaint adequately pleads special damages and actual malice if required. ECF No. 36 at 1. Plaintiff also clarifies that his invasion of privacy claim is not brought under the OPMA and that he has not brought NJLAD claims or Title VII and ADEA claims against Defendant Slater. *Id.* at 1–2. Finally, Plaintiff concedes that he cannot make a claim of infliction of emotional distress as to Defendant Slater. *Id.* at 2.

The Westfield Board Defendants argue that the Court should dismiss Plaintiff's claims against the Individual Board Defendants for aiding and abetting liability under the NJLAD; for gender discrimination under Title VII; for age discrimination under the ADEA; and for infliction of emotional distress. ECF No. 30 at 9–16, 19–26. They additionally argue that the Court should dismiss Plaintiff's claims against the Board for gender discrimination under Title VII and the NJLAD. *Id.* at 17–19.

Plaintiff responds that he has not asserted claims against the Individual Board Defendants for aiding and abetting liability under the NJLAD or discrimination under the ADEA or Title VII. ECF No. 37 at 5–6. Plaintiff further responds that he sufficiently states a claims against the Westfield Board of Education for gender discrimination and against the Individual Board Members for negligent infliction of emotional distress. *Id.* 7–10.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

If a complaint fails to state a claim upon which relief can be granted, a plaintiff should ordinarily be granted the right to amend its complaint. The Supreme Court has instructed that:

> The grant or denial of an opportunity to amend is within the discretion of the District court, but outright refusal to grant the leave without any justifying reason . . . is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Third Circuit, plaintiffs whose complaints fail

to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).[5] In *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000), the Third Circuit stated:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

*Shane*, 213 F. 3d at 116 (citing *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

## DISCUSSION

### I. Counts One, Two, and Three: Gender and Age Discrimination as to the Individual Board Defendants and Mitchell Slater

Both the Individual Board Defendants and Defendant Slater seek dismissal of Plaintiff's claims against them for age and gender discrimination. ECF No. 29-2 at 20–23; ECF No. 30 at 9–16. The Third Amended Complaint makes no claims against either the Individual Board Defendants or Defendant Slater for age and gender discrimination under Title VII, the ADEA, or the NJLAD. ECF No. 25-1; ECF No. 36 at 14; ECF No. 37 at 5–6. Defendants' motions to dismiss are therefore denied to the extent that they seek dismissal of discrimination claims not asserted against them.

### II. Counts One and Three: Gender Discrimination under Title VII and NJLAD as to the Westfield Board of Education.

---

[5] The *Fletcher-Harlee* court stated that "to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile." The court also noted that the longstanding rule that leave to amend a complaint must be granted *sua sponte* stands in tension with the longer-standing rule that a plaintiff must submit a draft amended complaint to the court to allow the court to determine whether amendment would be futile. *Fletcher-Harlee*, 482 F.3d at 252-53.

9

The Westfield Board of Education seeks dismissal of Plaintiff's claim against it for gender discrimination under Title VII and the NJLAD. ECF No. 30 at 17–19. The NJ LAD and Title VII prohibit the unjustified "discharge" of an employee by an employer because of sex. Title VII 42 U.S.C. § 2000e-2(a)(1); N.J.S.A. 10-:5-12(a). All retaliation and discrimination claims brought under Title VII and the NJLAD, which rely on circumstantial evidence, are controlled by the three-step burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 & n.7 (3d Cir.2006) (applying the *McDonnell Douglas* framework to a Title VII gender discrimination claim); *Viscik v. Fowler Equip. Co.*, 173 N.J. 1, 800 A.2d 826, 833 (2002) (adopting the *McDonnell Douglas* framework for NJLAD employment discrimination cases).

In general, to establish a prima facie case for unlawful termination on the basis of sex under Title VII or the NJ LAD, a plaintiff must demonstrate that he: (1) belongs to a protected class, (2) was qualified for the position held, (3) was terminated despite adequate qualifications, and (4) after termination the position remained open and the employer continued to seek applications." *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 249 (3d Cir.2006); *Monaco v. American General Assur. Co.*, 359 F.3d 296, 301 (3d Cir. 2004) (citing *Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 201 (N.J. 1999)). In a case where the plaintiff is not a member of a protected class, such as a gender discrimination claim brought by a man, the first element is subject to an alternative analysis.

Under the NJLAD, the first element is satisfied when a defendant shows "background circumstances support[ing] the suspicion that the defendant is the unusual employer who discriminates against the majority." *Sisler*, 157 N.J. at 214 (quoting *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 551 (N.J. 1990)). "An employee can demonstrate background

circumstances sufficient to raise an inference of discrimination by establishing either that the plaintiff was better qualified for the position than the minority candidate selected or that the defendant had some reason or inclination to discriminate against the majority class." *Id.* Under Title VII, the first element requires a plaintiff to "present[] sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff less favorably than others because of his . . . sex." *Iadimarco v. Runyon*, 190 F.3d 151, 163 (3d Cir. 1999) (internal quotation marks omitted) (citing *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

The Court dismissed Plaintiff's first attempt at asserting gender discrimination under the NJLAD for failure to "allege that Marino's gender had anything to do with his termination." ECF No. 14 at 15–16. Specifically, the Court found Marino's allegation that he was replaced by a woman insufficient to state a claim in light of *Sisler*. *Id.* The Westfield Board of Education argues that the Third Amended Complaint relies on the same facts previously found insufficient to state a claim ECF No. 30 at 18.[6] This is not the case.

The Third Amended Complaint alleges facts sufficient to raise an inference of discrimination capable of surviving Defendant's motion to dismiss. First, Plaintiff alleges facts to plausibly show he was better qualified than his minority group replacement. He alleges that he had fifteen years of complaint and discipline-free experience in the position of the Westfield girls head basketball coach, ECF No 25-1 ¶¶ 25–27, and that his replacement had one year of experience as his assistant, *id.* ¶30. Additionally, the Third Amended Complaint cures the defect of the First Amended Complaint because it ties Plaintiff's firing to his gender through the

---

[6] The Board argues that the only new fact asserted is Marino's contention that he was replaced by a female coach. Though the Westfield Board of Education refers to this fact as a new fact, it was alleged in Plaintiff's previous complaint. Am. Compl., ECF No. 7-4, Count Six ¶ 7.

allegation that his supervisor, Sandy Mamary, had previously told him that "she would like to have girls teams coached by a woman coach." ECF No 25-1 ¶¶ 34, 47. This comment and Plaintiff's allegation that a female coach was brought in to replace him because of her gender are sufficient to make out a prima facie case under the requirements of the NJLAD and Title VII.

### III. Count Four: "Libel and Slander" Against Defendant Slater

Defendant Slater argues that Plaintiff's defamation action fails as a matter of law because Plaintiff does not make sufficient factual allegations to establish that the statement was untrue, that the statement was made with malice, or that the statement caused actual harm in the form of special damages. ECF No. 29-2 at 13. Because the Court agrees that Plaintiff fails to plead facts sufficient to establish actual malice, Count Four is dismissed.

In New Jersey, an action for defamation requires the plaintiff to establish: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting to at least negligence by the publisher." *DeAngelis v. Hill*, 180 N.J. 1, 13 (N.J. 2004) (citing Restatement (Second) of Torts § 558 (1977)). Plaintiff's burden of proof for each of the elements of defamation is clear and convincing evidence. *Rocci v. Ecole Secondaire MacDonald-Cartier*, 165 N.J. 149, 159 (2000). Libel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while slander consists of the communication of a defamatory statement by spoken words, or by transitory gestures." *W.J.A. v. D.A.*, 210 N.J.

Defendant Slater challenges the sufficiency of Plaintiff's defamation claim on three grounds all of which rely on the theory that Plaintiff's Third Amended Complaint alleges causes of action supported by "mere conclusory statements" rather than sufficient facts. *Iqbal*, 556 U.S. at 663. Slater first argues that Marino fails to establish defamation because he has not

successfully plead the first requirement of defamation: "a false and defaming statement concerning another." ECF No. 29-2 at 15. In support of his argument, Slater states that Plaintiff only alleges the conclusion that the purportedly defaming statement is false. *Id.* The Court disagrees. While it is true that Plaintiff could not establish his cause of action with such a bare and conclusory statement, *see Cruz v. HSBC, et al.*, Civ. No. 10-135, 2010 WL 2989987, *2 (D.N.J. July 26, 2010), the Third Amended Complaint does not solely rely on this conclusion to establish Plaintiff's defamation claim. Plaintiff denies making the statement that Defendant Slater attributes to him, ECF No. 25-1 ¶ 70, and alleges that he has never received complaints "regarding his behavior and/ or language towards any of his platers." *Id.* ¶ 68. These factual allegations are sufficient to establish the falsity requirement for a defamation claim.

Defendant next argues that Plaintiff's claim fails as a matter of law because he fails to "demonstrate actual harm to his reputation through the production of concrete proof; i.e. special damages." To succeed in an action for libel, Marino must "demonstrate actual harm to reputation through the production of concrete proof. *Ward v. Zelikovsky*, 136 N.J. 516, 540 (1994) (citing *Sisler v. Gannett Co., Inc.*, 104 N.J. 256, 261 (1986). "Special damages are defined as harm of a material or pecuniary nature." *Ward*, 136 N.J. at 540. Marino argues that he does not need to plead special damages, or, in the alternative, that he has sufficiently plead them. The Court finds that he has successfully plead special damages.

Plaintiff alleges that "as a result of these false statements made by the defendant [Slater], [] he was caused to lose his position as [sic] the Westfield Board of Education as the Girls High School Basketball Coach." ECF No. 25-1 ¶ 73. Defendant Slater does not dispute that this allegation, if true, would establish special damages sufficient to survive a 12(b)(6) motion to dismiss. Instead, Slater argues that this allegation is contradicted by documents previously

submitted to the Court by the plaintiff and therefore it should be disregarded. ECF No. 29-2 at 17.[7] Specifically, Slater argues that Plaintiff has admitted in a notice of claim form filed under New Jersey Tort Claims Act, ECF No. 10, that he lost his coaching position nearly two weeks before the Facebook and Twitter posting was made. *Id.* at 16. Defendant Slater does not establish a basis for our consideration of this document at the motion to dismiss stage. Nowhere is it argued that this document is attached to or referenced in the complaint, *see Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003), or that the notice of claim is a matter of public record, *see Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

The Court is not inclined to dismiss Plaintiff's defamation claim at this time based on evidence offered without legal justification to contradict the allegations made on the face of the Third Amended Complaint. Such evidence is best saved for a motion for summary judgment. As example, after discovery has taken place, Plaintiff may be able to demonstrate that even if he was informed by his principal before the October 21, 2014 meeting that his contract would not be renewed, he had an opportunity to be heard and have that decision reconsidered by the Board. Though Defendant may eventually be able to refute any causal connection between the allegedly defaming statement and Plaintiff's job loss, Plaintiff has succeeded in pleading special damages to survive a motion to dismiss as of now.

Finally, Defendant Slater argues that Plaintiff's claim should be dismissed for failure to meet the third element of a defamation claim by establishing that Slater "either knew his statement was false or recklessly disregarded its falsity." ECF No. 29-2 at 18. The third element of a defamation claim requires a plaintiff to show that the defendant "had a sufficient degree of fault." *Mangan v. Corporate Synergies Grp., Inc.*, 834 F.Supp.2d 199, 204 (D.N.J.2011).

---

[7] In support of this argument, Slater cites law applicable to the dismissal of habeas petitions in the event the claims presented by them are "patently frivolous or contradicted conclusively by the record." ECF No. 29-2 at 17.

14

Normally, a showing of negligence is adequate. *Id.* at 206. But when a matter of public concern is involved or the statement concerns public figures, the standard is heightened to one of "actual malice." *Senna v. Florimont,* 196 N.J. 469, 492 (2008). Actual malice requires that the defendant made the statement "knowing that it was false or with a reckless disregard for the truth." *DeAngelis*, 180 N.J. at 17–18. "The defendant's motivation for making the statement is irrelevant, and thus hostility and ill will on the part of the defendant are not considered." *Lipsky v. Connecticut Gen. Life Ins. Co.*, No. 13-CV-00105 DMC JBC, 2013 WL 5354511, at *2 (D.N.J. Sept. 24, 2013).

The Parties do not dispute that Plaintiff must establish actual malice. Defendant contends that the Third Amended Complaint fails to provide more than a conclusory statement that Defendant maliciously posted defamatory comments about Mr. Marino. The Court agrees. Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis. *Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Third Amended Complaint only contains the allegation that Slater "negligently and/ or maliciously published false, defamatory statements of fact about the plaintiff." ECF No. 25-1 ¶ 71. This conclusory statement does not establish the actual malice needed to make a valid defamation claim in this case. *See Darakjian v. Hanna*, 366 N.J. Super. 238, 250–51 (App. Div. 2004) ("[T]he single conclusory assertion in the third paragraph of the second count of the complaint, that defendants 'knew and/or reasonably should have known that [Hanna's] statement ... was false,' even coupled with the balance of the third paragraph and the damages alleged in the fourth paragraph, does not pass muster."); *see also Lipsky*, 2013 WL 5354511, at *3 ("Simply stating that the statement was

made with malice without additional facts that support the notion that Defendants knew the statement was false or had a reckless disregard for the truth is insufficient to survive a motion to dismiss."). Defendant Slater's motion to dismiss is granted as to Count Four of the Third Amended Complaint.

### IV. Count Five: Infliction of Emotional Distress Against Defendant Slater and the Individual Board Members

Count Five alleges that Defendant Slater and the Individual Board Members made and/ or ratified remarks "which were disparaging and caused emotional distress as to the plaintiff, Joseph Marino." ECF No. 25-1 ¶ 78. Defendants move to dismiss this count for failure to state a claim. ECF No. 29; ECF No. 30-1. Plaintiff opposes the motion to dismiss this count as to the Individual Board Members, ECF No. 37 at 8–10, but consents to dismissal as to Defendant Slater, ECF No. 36 at 13. Count Five is dismissed with prejudice as to Defendant Slater.

Marino's claim for infliction of emotional distress against the Individual Board Members is based on a statement made by Richard Mattessich at the October 21, 2014 Westfield Board of Education meeting. ECF No. 25-1 ¶¶76–82. The Individual Board Members argue that Plaintiff fails to state a claim against them for either intentional infliction of emotional distress or negligent infliction of emotional distress. ECF No. 30 at 19–26. In his opposition brief, Marino clarifies that his claim is only for negligent infliction of emotional distress. ECF No 37 at 10. Because Plaintiff fails to establish that his distress resulted from the fear of being harmed while in the "zone of risk" created by Defendants' alleged negligent conduct or that Mr. Mattessich's statements amounted to defamation per se, Count Five is dismissed as to the Individual Board Members.

Negligent infliction of emotional distress "can be understood as negligent conduct that is the proximate cause of emotional distress in a person to whom the actor owes a legal duty to exercise reasonable care." *Decker v. Princeton Packet, Inc.*, 116 N.J. 418, 429 (N.J. 1989). To establish liability, "a plaintiff must prove that defendant's conduct was negligent and proximately caused plaintiff's injuries." *Id.* Negligence "depends on whether defendant owes a duty of care to the plaintiff, which is analyzed in terms of foreseeability." *Id.* In negligent infliction of emotional distress cases, "liability should depend on the defendant's foreseeing fright or shock severe enough to cause substantial injury in a person normally constituted." *Caputzal v. The Lindsay Co.*, 48 N.J. 69, 76 (1966). Foresseability is crucial in NEID cases because courts are concerned with the genuineness of an injury consisting of emotional distress without consequent physical injury. *Decker*, 116 N.J. at 429. "In these situations, there must be an especial likelihood of genuine and serious mental distress, arising from special circumstances, which serves as a guarantee that the claim is not spurious." *Id.* at 429–30 (internal quotation marks omitted) (quoting *Prosser and Keeton on the Law of Torts*, § 111 at 773-78 (5th ed. 1984)). A claim for NEID "requires that it must be reasonably foreseeable that the tortious conduct will cause genuine and substantial emotional distress or mental harm to average persons." *Id.* at 430.

Generally, a Plaintiff must establish four elements to state a claim for negligent infliction of emotional distress in New Jersey: "1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress." *Smith v. Grandsen*, No. CIV.A. 08-4517 JEI, 2011 WL 7777106, at *4 (D.N.J. Nov. 3, 2011) (internal quotation marks omitted) (citing *Portee v. Jaffee*, 84 N.J. 88, 101 (1980)). But the New Jersey Supreme Court has held that such a claim can be

17

based on the publication of a false statement if the plaintiff demonstrates that the defendant engaged in *per se* defamation. *Decker*, 116 N.J. at 432. Plaintiff fails to meet this standard.[8]

According to the New Jersey Supreme Court, "[t]here is ... a certain symmetry or parallel between claims of emotional distress and defamation that calls for consistent results." *Decker*, 116 N.J. at 429. "New Jersey courts do not permit claims for infliction of emotional distress to proceed when the factual basis for the claim is non-actionable alleged defamation." *Edelman v. Croonquist*, Civ. No. 09-1938 (MLC), 2010 WL 1816180, at *8 (D.N.J. May 4, 2010). "A defamatory statement is one that is false and injurious to the reputation of another or exposes the person to hatred, contempt, or ridicule or subjects another person to a loss of the good will and confidence in which he or she is held by others." *Id.* at *3 (quoting *Petersen v. Meggitt*, 407 N.J.Super. 63, 74 (N.J.App.Div.2009). To determine whether a statement is defamatory, the Court considers "the content, verifiability, and context of the challenged statements." *Ward*, 136 N.J. at 528 (1994). "The verifiability determination goes to whether the statement is one of fact or opinion, because statements of opinion and name-calling, which cannot be proved true or false, are not actionable." *Edelman*, 2010 WL 1816180 at *3 (internal quotation marks omitted) (quoting *Knierim v. Siemens Corp.*, No. 06–4935, 2008 WL 906244, at *15 (D.N.J. Mar.31, 2008).

Here Mattesich's comments register his beliefs about the important characteristics of a high school coach. ECF No. 25-1 ¶ 79. Mr. Marino is not referred to by name or position and the comments merely constitute Mr. Mattesich's opinion about coaching and the Board's decision-

---

[8] Defendants also argue that Plaintiff's negligent infliction of emotional distress claim is time-barred because the Court previously dismissed Plaintiff's defamation claim as time-barred. ECF No. 30 at 22. The Court disagrees with Defendants' reading of *Decker*, which does not compel this conclusion.

making. This does not constitute defamation *per se*. The Individual Board Members' motion to dismiss is granted with respect to Count Five.

### V. Count Six: Invasion of Privacy Against Defendant Slater

Defendant Slater moves to dismiss Count Six based on the argument that Plaintiff cannot state a claim for invasion of privacy under New Jersey's Open Public Meetings Act ("OPMA") N.J.S.A. § 10:4-12. ECF No. 29-2 at 24–26. Plaintiff clarifies that he alleges that Defendant Slater has invaded his privacy by placing him in a false light before the public. ECF No. 36 at 9. To prove the tort of false light, a plaintiff must satisfy two elements: "(1) that the false light in which [he] was placed would be highly offensive to a reasonable person and (2) that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [plaintiff] would be placed. *Durando v. Nutley Sun*, 209 N.J. 235, 249 (2012) (citing *Restatement (Second) of Torts, supra,* § 652E) (internal quotation marks omitted). Under New Jersey law, the knowledge requirement parallels the actual-malice standard of defamation. *Id.* For the reasons discussed, *see* discussion *supra* Section III, Marino has also failed to properly allege actual malice in relation to his false light claim. Defendant Slater's motion is granted on this basis as to Count Six.

## CONCLUSION

Defendants' motions to dismiss are granted in part and denied in part. Counts Four and Six are dismissed without prejudice as to Defendant Slater. Count Five is dismissed with prejudice as to all claims against Defendant Slater and the Individual Board Defendants. Plaintiff is granted leave to seek to amend within 90 days of the date of this opinion. An appropriate order follows.

DATE: 17 Jan 2017

William H. Walls
Senior United States District Court Judge