<u>**Not for Publication**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH MARINO,<br><br>        *Plaintiff,*<br><br>   v.<br><br>WESTFIELD BOARD OF<br>EDUCATION,<br><br>        *Defendant.* | Civil Action No. 16-361<br><br><u>**OPINION & ORDER**</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

     This case concerns allegations that Defendant Westfield Board of Education ("Westfield" or the "District") violated the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the New Jersey Law Against Discrimination ("LAD"). Plaintiff Joseph Marino asserts that he was not reappointed as head coach of the Westfield High School girls' varsity basketball team and that he was replaced by a younger female candidate. This matter presently comes before the Court by way of Defendant's Motion for Summary Judgment. D.E. 127. Plaintiff opposes the motion for summary judgment, D.E. 130, 131, and Defendant filed a brief in reply, D.E. 134.[1] The Court reviewed all submissions made in support and in opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's Motion for Summary Judgment is **DENIED**.

---

[1] Defendant's brief in support of its motion for summary judgment is referred to as "Def. Br." (D.E. 127-1); Plaintiff's brief in opposition is referred to as "Pl. Opp." (D.E. 129); and Defendant's reply brief is referred to as "Def. Reply" (D.E. 134).

## I.    FACTUAL[2] AND PROCEDURAL BACKGROUND

Briefly, Plaintiff is a tenured physical education instructor for Westfield.  Among other coaching positions in the District, Plaintiff served as the varsity basketball coach for the girls' team at Westfield High School for approximately 14 years.  DSOMF ¶¶ 1-4, 9.  In the fall of 2014, the Superintendent, Dr. Margaret Dolan, did not recommend that Plaintiff be reappointed as head coach of the basketball team for the 2014-2015 season.[3]  *Id.* ¶ 37.  The School Board, therefore,

---

[2] The background facts are drawn from Defendant's Statement of Undisputed Material Facts ("DSOMF"), D.E. 127-2; Plaintiff's Counter-Statement of Undisputed Material Facts ("PSOMF"), D.E. 129-4; the Certification of Supervisor of Athletics Sandra Mamary ("Mamary Cert."), D.E. 127-3; the Certification of Superintendent Dolan ("Dolan Cert.") and supporting exhibits, D.E. 127-4; and Defendant's Certification of Counsel ("Counsel Cert.") and supporting exhibits, D.E. 127-5.

In responding to Defendant's statement of material facts, Plaintiff often failed to include supporting citations to the record for paragraphs that he denied.  *See, e.g.,* PSOMF ¶¶ 31, 42, 44-46, 50, 52.  Local Civil Rule 56.1 requires an opponent of a motion for summary judgment to provide a responsive statement of material facts.  If an opponent denies any paragraphs in his responsive statement, he must "cit[e] to the affidavits and other documents submitted in connection with the motion."  L. Civ. R. 56.1(a).  A court may deem paragraphs that do not comply with requirements set forth in Local Civil Rule 56.1 as admitted.  *See, e.g., 7-Eleven, Inc. v. Sodhi*, No. 13-3715, 2016 WL 3085897, at *2 n.5 (D.N.J. May 31, 2016) (concluding that paragraphs in which defendants "disagreed" without providing support to the record were deemed undisputed).  Accordingly, the Court will deem each paragraph that Plaintiff denied without providing proper support as admitted.

In addition, Plaintiff's brief in opposition contains few citations to the factual record and includes purported facts that do not appear in the DSOMF or the PSOMF.  Plf. Opp. at 6-11.  Local Civil Rule 56.1 also provides that "an opponent may also furnish a supplemental statement of disputed material facts" that is supported by affidavits and other documents.  L. Civ. R. 56.1(a).  Facts that appear only in Plaintiff's brief and without proper citations to the record will also be disregarded by the Court.  *See Jake Ball Trust v. Durst*, No. 12-5225, 2013 WL 4008802, at *1 n.1 (D.N.J. Aug. 5, 2013) ("Facts stated by the parties in their briefs or in their Statements of Material Facts Not in Dispute which were not supported by record citations were disregarded by the Court in accordance with L. Civ. R. 56.1(a).").

[3] Coaching positions within the District are non-tenurable and coaches have no right to reappointment each year.  Thus, coaching positions are posted annually, and applicants are instructed to express their interest in a position to the Athletic Office.  DSOMF ¶ 14.  Sandy Mamary, the Supervisor of Athletics, makes hiring recommendations to Dr. Dolan, the Westfield

did not reappoint Plaintiff for the coaching position. *Id.* ¶¶ 37-38. At the time, Plaintiff was fifty-four or fifty-five years old. *Id.* ¶ 10. Sandy Mamary, the Supervisor of Athletics for Westfield, eventually recommended that Elizabeth McKeon be appointed as the head coach. The Superintendent recommended and the School Board approved Ms. Mamary's recommendation. *Id.* ¶¶ 50, 54.

Plaintiff initially brought suit in New Jersey state court asserting, among other things, age and gender discrimination claims in violation of the ADEA, Title VII, and the LAD. Defendants removed the matter to this Court on January 1, 2016. D.E. 1. On May 15, 2017, Plaintiff filed his Fourth Amended Complaint (the "FAC"). Count One of the FAC asserts an age discrimination claim against Westfield and Count Two asserts a gender discrimination claim. D.E. 63. Westfield subsequently filed its motion for summary judgment on July 1, 2019, seeking to dismiss the FAC in its entirety. D.E. 127.

## II.    SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

---

Superintendent, who then makes recommendations to the School Board. *Id.* ¶¶ 15-16.

*Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

**III.    ANALYSIS**

As discussed, in the FAC, Plaintiff asserts an age discrimination claim under the ADEA and the LAD, and a gender discrimination claim pursuant to Title VII and the LAD. Defendant seeks summary judgment as to both claims.

The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Title VII of the 1964 Civil Rights Act prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Finally, the LAD makes it illegal

> [f]or an employer, because of the race, creed, color, national origin, ancestry, age . . . disability . . . of any individual . . . to refuse to hire or employ or to bar or to discharge or require to retire . . . from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment[.]

N.J.S.A. 10:5-12(a).

"The burdens of proof and production for discrimination claims arising under Title VII, the ADEA, and the LAD are the same." *Martinez v. Nat'l Broad. Co.*, 877 F. Supp. 219, 227 (D.N.J. 1994). Where a plaintiff does not present direct evidence of discrimination, courts apply the three-step, burden-shifting standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this burden-shifting framework, a plaintiff must first establish a *prima facie* case of discrimination." *Palatnik v. Home Depot, Inc.*, No. 04-1229, 2006 WL 680981, at *8 (D.N.J. Mar. 10, 2006). If a plaintiff puts forth a *prima facie* discrimination case, there is a rebuttable presumption of unlawful discrimination. To rebut this presumption at the second step, a defendant must produce evidence of a legitimate non-discriminatory reason for its decision. *Martinez*, 877 F. Supp. at 227-28. Finally, at the third step a plaintiff must prove, by a preponderance of the evidence, that the employer's articulated reason was not the real reason for the employment action, but rather was a mere pretext for discrimination. *Id.* at 228. These requirement standards are discussed in more detail below.

1. *Prima Facie* Case

Westfield contends that Plaintiff's claims must be dismissed as a matter of law because Plaintiff cannot make out a *prima facie* claim of age or gender discrimination under the ADEA, Title VII, or the LAD because he was not "qualified" for the position of coach of the girls' varsity basketball team. Def. Br. at 6-10. The bar for establishing a *prima facie* employment discrimination case is low. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). To establish an age discrimination claim under the ADEA or the LAD, a plaintiff must show that he "(1) was a member of a protected class . . . ; (2) was qualified for the position at issue; (3) suffered an adverse employment action; and (4) was replaced by a sufficiently younger person, raising an inference of age discrimination." *Bleistine v. Diocese of Trenton*, 914 F. Supp. 2d 628, 638, 644 (D.N.J. 2012).[4] A *prima facie* claim for gender discrimination is the same except that at the fourth element, the inference of unlawful discrimination must pertain to a person's gender rather than age. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

In arguing that Plaintiff was not qualified, Defendant largely relies on Plaintiff's performance evaluations from the 2012-2013 and 2013-2014 school years. But Plaintiff's two evaluations alone fail to suggest that he was unqualified for the coaching position. Dolan Cert., Exs. A, B. Plaintiff was evaluated in more than twenty-five categories, and for the most part, received the rating of "proficient" or "excellent" for each area of review. *Id.* Plaintiff received "area for improvement" notations in just four categories for the 2012-2013 review and in five

---

[4] Although not an issue in this case, the Third Circuit has also found that a plaintiff in an age discrimination case does not need to establish that he was replaced by a person outside the protected class so long as he establishes that the employment decision was based on an improper consideration of the plaintiff's age. *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 355 (3d Cir 1999) (citation omitted).

categories for the 2013-2014 season. *Id.* Moreover, the "evaluator comments" sections in both reviews are largely positive and fail to note any substantial deficiencies in Plaintiff's coaching abilities. In fact, the narrative in 2013-2014 review begins with "[t]his was truly a fantastic season with so many achievements in the basketball program" and ends with "I look forward to next year with all but two players returning. Everyone appears to be focused on bringing home a championship." Dolan Cert., Ex. B at 2.

Defendant maintains that Plaintiff admitted during his deposition that when comparing his two performance evaluations, it "revealed that many areas identified as needing improvement did not improve." DSOMF ¶ 25. But in light of the otherwise positive evaluations, this fact alone is not enough for the Court to conclude as a matter of law that Plaintiff was unqualified.

Defendant also argues that Plaintiff was terminated because of complaints from parents and that these complaints also demonstrate that he was unqualified. Def. Br. at 9. Defendant, however, has no direct evidence of parental complaints prior to Plaintiff's termination. Defendant relies solely on Superintendent Dolan's statement that "there had been a number of parent complaints over several seasons[.]"[5] Dolan Cert. ¶¶ 33, 42. Accordingly, when considering Superintendent Dolan's statement about parental complaints made before Plaintiff was not rehired and Plaintiff's positive performance evaluations, there is a genuine issue of material fact as to whether Plaintiff was qualified.

---

[5] Plaintiff does not challenge the admissibility of the parents' complaints at this stage. If necessary, the Court will address the issue before or during trial.

Defendant also relies on a number of statements made by parents *after* Plaintiff was not reappointed for the 2014-2015 season. DSOMF ¶ 57. Defendant does not contend that it was aware of these specific statements *before* deciding not to reappoint Plaintiff. Due to the timing of such complaints, it does not appear that they were a factor in the decision not to rehire Plaintiff as coach. Again, the Court does not decide at this stage whether such after-the-fact statements are admissible at trial.

In addition, "where the plaintiff alleges a reverse gender discrimination claim, the plaintiff has a modified burden under the first prong of the *McDonnell Douglas* test to show 'background circumstances supporting the suspicion that defendant is the unusual employer who discriminates against the majority.'" *Palatnik*, 2006 WL 680981, at *9 (quoting *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 551 (1990)).   A plaintiff can demonstrate sufficient "background circumstances" by establishing either (1) "that the plaintiff was better qualified for the position than the minority candidate selected" or (2) "that the defendant had some reason or inclination to discrimination against the majority class." *Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 214 (1999).

Plaintiff coached the girls' high school basketball team for approximately 14 years and has coached athletics in the District for more than twenty-five years. DSOMF ¶¶ 4-9. In addition, as evidenced by Plaintiff's performance evaluations, his last two seasons as the girls' varsity basketball coach appear to have been successful. *See* Dolan Cert., Ex. A at 2 ("We were eligible for the state tournament and played a competitive game."), Ex. B at 2 ("This was a truly fantastic season with so many achievements in the basketball program.").   In contrast, Plaintiff's replacement, Elizabeth McKeon, had little coaching experience. Ms. McKeon was a Division I athlete as an undergraduate and was "around and involved in athletics and sports for her entire professional career." DSOMF ¶ 20. Ms. McKeon, however, only coached girls' basketball for one year, as a volunteer assistant coach for Plaintiff during the 2013-2014 season. *Id.* ¶ 21. Based on the sizable disparity in coaching experience between Plaintiff and his replacement, a reasonable juror could conclude that Plaintiff was better qualified for the position. Accordingly, there is a genuine issue of material fact as to whether Plaintiff establishes a *prima facie* reverse gender discrimination claim under Title VII and the LAD.

In sum, there are genuine disputes of material fact as to whether Plaintiff establishes a *prima facie* age discrimination claim under the ADEA or the LAD, or a reverse gender discrimination claim under Title VII or the LAD. Summary judgment, therefore, is denied on these grounds.

## 2. Defendant's Non-Discriminatory Reason for the Adverse Employment Decision

Because there are genuine issues of material fact as to whether Plaintiff makes out a *prima facie* case for age and gender discrimination, the Court turns to the second step of the *McDonnell Douglas* framework. An employer can satisfy its burden of production at the second step "by introducing evidence which, if taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision." *Martinez*, 877 F. Supp. at 228. "This burden is 'relatively light.'" *Diaz v. Donahoe*, No. 10-6510, 2013 WL 85262, at *6 (D.N.J. Jan. 4, 2013) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)). Thus, an employer "need not prove that its tendered reason actually motivated its behavior, because 'throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff.'" *Martinez*, 877 F. Supp. at 228 (quoting *McDonnell Douglas*, 411 U.S. at 802); *see also DiMare v. Metlife Ins. Co.*, No. 07-4268, 2008 WL 5109556, at *2 (D.N.J. Dec. 2, 2008) (explaining that an employer merely needs to "articulate" a non-discriminatory motive at the second step).

Defendant maintains that Superintendent Dolan did not recommend Plaintiff's reappointment due to "a number of parent complaints over several seasons regarding lack of player development for all players during practice time, focus on only his top performing players for skill development, low ranking on his knowledge of the game in his evaluations, and his use of language denigrating to his young student athletes." DSOMF ¶¶ 44-45. This non-discriminatory motive

9

sufficiently satisfies the low threshold required at the second step. *See, e.g., DiMare*, 2008 WL 5109556, at *3 (concluding that explanation that plaintiff was terminated because her position was eliminated and she failed to secure another position within thirty days, as required by the defendant's policy, satisfied the second step).

### 3. Proffered Reason is Pretextual

At the third step, a plaintiff "may defeat summary judgment by pointing 'to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" *Diaz*, 2013 WL 85262, at *6 (quoting *Fuentes*, 32 F.3d at 764). "[I]f a plaintiff has come forward with sufficient evidence to allow a factfinder to discredit the employer's proffered justification, she need not present additional evidence of discrimination beyond her *prima facie* case to survive summary judgment." *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013). According to Plaintiff, when Mamary became the Athletic Director, Mamary told Plaintiff that "she wanted to start replacing the older coaches with younger coaches, with young blood." DSOMF ¶ 65. Mamary allegedly had a similar conversation with another male coach who is in his fifties. *Id.* ¶ 67. With this evidence, a reasonable jury could refuse to believe Defendant's proffered reason for failing to reappoint Plaintiff as the head coach, or a reasonable jury could conclude that Plaintiff's age was a motivating factor in the decision-making process. Accordingly, there is sufficient evidence in the record to create a genuine dispute of material fact with respect to Plaintiff's age discrimination claims under the LAD and the ADEA. Defendant's motion for summary judgment is therefore denied with respect to Plaintiff's age discrimination claim.

As for Plaintiff's gender discrimination claim, in his brief, Plaintiff alleges that Mamary

indicated "that the girls' basketball team should have a woman head coach." Plf. Opp. at 9, 14. Plaintiff, however, does not support this statement with a citation to the factual record. Without the requisite support, the Court does not consider the statement. *See* L. Civ. R. 56.1(a). But even without any additional evidence, Plaintiff's *prima facie* claim alone is sufficient to create a genuine dispute of material fact as to whether Defendant's adverse employment decision was motivated by his gender. As discussed, after two seemingly successful seasons, Plaintiff was replaced by a female coach with significantly less coaching experience. A reasonable jury could infer, solely based on this evidence, that Defendant actually decided not to reappoint Plaintiff as the head coach because he was a man. Defendant's motion for summary judgment, therefore, is also denied with respect to Plaintiff's gender discrimination claim under Title VII and the LAD.

Accordingly, and for good cause shown,

IT IS on this 3rd day of March, 2020,

**ORDERED** that Defendant's Motion for Summary Judgment (D.E. 127) is **DENIED**.

John Michael Vazquez, U.S.D.J.